# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

Mark A. Pendergraft,

    Plaintiff,

v.

(1) Oklahoma Attorney General's Office,

State of Oklahoma,

(2) Lauren Ray-Morales,
in her individual and official capacity; and

(3) Dixie Coffey,
in her individual and official capacity; and

(4) Southwestern Oklahoma State University/
Board of Regents of Oklahoma Colleges,

(5) Charlie Babb,
in his individual and official capacity; and

(6) Shamus Moore,
in his individual and official capacity.

(7) JOHN DOE(S) and
(8) JANE DOE(S), describing
OTHER UNKNOWN PERSONS or PERSON
having responsibility or involvement in the
circumstances of the violation of the federal
civil rights and/or privacy rights of the
Plaintiff, including other state actors, and/or
Private persons acting in concert or
Joint participation with state actors.

    Defendants,

CIV 22 985 J

Case Number :_____

FILED

NOV 1 4 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

**JURY TRIAL DEMANDED**

1

# COMPLAINT

## FOR DAMAGES, INJUNCTIVE RELIEF, AN ACCOUNTING,AND DAMAGES
### (Violation of Rights of Privacy under the Constitutions of the
### United States and under Oklahoma law)

**COMES NOW**, the Plaintiff, Mark A. Pendergraft (hereinafter referred to as

"Plaintiff), Pro Se, and for his cause of action and claims for relief against the above-named

Defendants, he states this action is brought for the purposes of vindicating federal

constitutional and statutory rights and state rights of privacy of the Plaintiff violated by the

unlawful search, seizure, and release of his private student file from Southwestern Oklahoma

State University,( hereinafter "SWOSU") containing confidential documents and papers that

are not allowed for public view. The Defendants are various state actors and  State of

Oklahoma Agencies acting in concert with state actors such that are liable for violation of

constitutional rights and/or state law rights of privacy. Plaintiff's states the following upon

information and belief:

## PARTIES

1.      That Plaintiff is and was, at all times alleged, a citizen and resident of the City

of Yukon, Oklahoma County, State of Oklahoma.

2.      That Plaintiff is a former student and graduate of Southwestern Oklahoma

State University (hereinafter referred to as "SWOSU").

3.      That Defendant the Oklahoma Attorney General's Office is a state agency

located in Oklahoma City, Ok. The agency is in Oklahoma County, Ok and governed by the

State of Oklahoma and is the highest law enforcement agency in the State of Oklahoma

employing Defendants Ray-Morales and Coffey. Defendant Oklahoma Attorney General's

2

Office is joined here for tort purposes and injunctive relief under the authority of this Court for the return to Plaintiff all documents illegally obtained from SWOSU and for an accounting of all copies of the documents, whether complete or in excerpt.

4.     That Defendant Lauren Ray-Morales (hereinafter referred to as "Ms. Ray-Morales") is, and was at all times alleged, An Assistant Attorney General-Litigation Division, employed by the State of Oklahoma. She is assigned to the Oklahoma Attorney General's office. She is resident of Oklahoma City, Ok located in Oklahoma County, Ok.  As to all actions on the part of Ms. Ray-Morales alleged herein, Ms. Ray-Morales was acting under the color of state law.

5.     That Defendant Dixie Coffey (hereinafter referred to as "Ms. Coffey") is, and was at all times alleged, An Assistant Attorney General-Litigation Division, employed by the State of Oklahoma. She is assigned to the Oklahoma Attorney General's office. She is a resident of Oklahoma City located in Oklahoma County, Ok.  As to all actions on the part of Ms. Coffey alleged herein, Ms. Coffey was acting under the color of state law.

6.     That Defendant SWOSU is an institutional member of the Oklahoma State System of Higher Education and is one of a group of Regional Universities governed by The Board, State of Oklahoma, located in Oklahoma County, State of Oklahoma.

7.     That SWOSU's primary campus is located in Weatherford, Oklahoma.

8.     That The Board has all power necessary to accomplish the objectives it was constitutionally empowered to achieve and is therefore authorized to enact rules, regulations and bylaws for the good government and management of the university and it's every department. Further, The Board enacts the University Staff Handbook and exercises the full authority granted by the Oklahoma Constitution.

9.      That Defendant Charlie Babb (hereinafter referred to as "Babb") is, and was at all times alleged, the Chief Legal Counsel for SWOSU, an Oklahoma state employee. As to all actions on the part of Babb alleged herein, Babb was acting under the color of state law.

10.     That Defendant Shamus Moore (hereinafter referred to as "Moore") is, and was at all times alleged, the Director of SWOSU Registrar's Office. As to all actions on the part of Moore alleged herein, Moore was acting under the color of state law.

11.     Upon information and belief, Plaintiff alleges there may be other additional Defendants identified herein as JOHN DOE(S) and JANE DOE(S) who are unknown to the Plaintiff at this time and who are state actors, or who acted in concert or joint participation with state actors, or individually. This may include other employees of the Oklahoma Attorney General's Office, other employees of SWOSU, or other individuals. The exact identification of these defendants and the actions they may have taken are not known to Plaintiff at this time and may not be known until the completion of discovery. These Defendants are referenced herein for the purpose of identification so that they may be subsequently joined to this litigation by relation back, as may be appropriate. By way of identification, such other Defendants may include additional law enforcement officials such as other employees or supervisors who had knowledge of the actions of Defendant Coffey and Ray-Morales or any other individual Defendant in this matter or who participated, or assisted, or had the opportunity to prevent, but failed to stop the violation of Plaintiff's rights herein; Private individuals acting individually or in concert and joint participation with state actors; other employees of Defendant SWOSU who participated in copying, editing, and approving the release and copy of documents, or ratifying the actions of copying, editing,

and publishing or broadcasting of the confidential, private documents depicting the records/or papers of the Plaintiff.

12.     Upon information and belief, Plaintiff contends that each stated individual Defendant herein may be considered a person and state actor, as appropriate, within the meaning of 42 U.S.C. §1983 in that the actions complained of herein occurred under color of state law, or that such Defendants are joint tortfeasors in that they acted in concert or joint participation with State actors to be regarded as state actors.

## JURISDICTION AND VENUE

13.     Factual allegations contained in all the paragraphs previously recited herein are incorporated by reference as if set out in full.

14.     Jurisdiction is conferred by Title 28 U.S.C. §1343 which provides for original jurisdiction of this Court in suits authorized by Title 42 U.S.C. §1983, to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

15.     Plaintiff's state law claims are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy arising from the same occurrences as Plaintiff's federal claims and thus are within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367.

16.     Plaintiff's entitlement to attorney's fees and costs as to federal claims is authorized by Title 42 U.S.C. §1988 which provides that the court may award a reasonable

attorney's fee as part of costs in any action or proceeding to enforce a provision of Title 42 U.S.C. §1983.

17.     VENUE.     Defendants are individuals, employed by the State of Oklahoma, a Regional University System of Oklahoma University, and a state agency which all reside within, do business within, or are located within the Western District of Oklahoma. The individual state Defendants perform their individual and official functions within the Western District of Oklahoma. The events complained of herein occurred within the Western District of Oklahoma. To the best information and belief of the Plaintiff, this Court has jurisdiction over the subject matter of this action and can acquire in personal jurisdiction over all defendants named herein.

**PLAINTIFF HAS FULLY COMPLIED WITH
GOVERNMENT TORT CLAIMS ACT
(G.T.C.A.)**

18.     Plaintiff's G.T.C.A. claim submitted stated who harmed him, the date that it had occurred, and all relevant information involving the claim. The date of incident given was on/or around May 31,2021.

19.     Plaintiff submitted his claims in writing, and it was filed with the Office of the Risk Management Administrator on February 17, 2022. Plaintiff's claim had been submitted within (1) one year of occurrence and is Compliant with 51 O.S. § 156.

20.     Plaintiff followed up with the Office of the Risk Management Administrator via phone the following week and spoke with Mr. A. Coronel. He

stated, " your claim was properly received February 17, 2022, filed accordingly, and assigned a case number." The case number assigned to Plaintiff's claim was S2022-0307.

21.     The "Notice of claim and intent to sue" was ignored by recipients, making it deemed denied on May 18, 2022.  See 51 O.S. § 157(A).

22.     Because 180 days or less have lapsed since the "Notice" was deemed denied by law, this lawsuit is timely.  See 51 O.S. § 157(B).

23.     Accordingly, and subject to caveats set forth in the Notice, incorporated herein by reference, Plaintiff complied in all material aspects with 51 O.S. § 151.

24.     Therefore, Plaintiff has fully complied with the jurisdictional prerequisites of the G.T.C.A.

## FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT ( FERPA )

25.     The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) is a federal law that protects the privacy of student education records. The law applies to all schools that receive funds under an applicable program of the U.S. Department of Education.

25.     FERPA gives parents and students certain rights with respect to their children's education records. These rights transfer to the student when he or she reaches the age of 18

or attends a school beyond the high school level. Students to whom the rights have transferred are "eligible students."

27.     Schools must have written permission from the parent or eligible student in order to release any information from a student's education record. However, FERPA allows schools to disclose those records, without consent, to the following parties or under the following conditions (34 CFR § 99.31):

- o   School officials with legitimate educational interest;
- o   Other schools to which a student is transferring;
- o   Specified officials for audit or evaluation purposes;
- o   Appropriate parties in connection with financial aid to a student;
- o   Organizations conducting certain studies for or on behalf of the school;
- o   Accrediting organizations;
- o   To comply with a judicial order or lawfully issued subpoena;
- o   Appropriate officials in cases of health and safety emergencies; and
- o   State and local authorities, within a juvenile justice system, pursuant to specific State law.

28.     Schools may disclose, without consent, "directory" information such as a student's name, address, telephone number, date and place of birth, honors and awards, and dates of attendance. However, schools must tell parents and eligible students about directory information and allow parents and eligible students a reasonable amount of time to request that the school not disclose directory information about them. Schools must notify parents

and eligible students annually of their rights under FERPA. The actual means of notification (special letter, inclusion in a PTA bulletin, student handbook, or newspaper article) is left to the discretion of each school.

## STATEMENT OF CASE

Upon information and belief formed prior to discovery, Plaintiff alleges, and states as follows:

29.     Factual allegations contained in all the paragraphs previously recited herein are incorporated by reference as if set out in full.

30.     Plaintiff was a former undergraduate student at SWOSU who graduated with a B.A. degree in Criminal Justice in 2008.

31.     Plaintiff relied on SWOSU's policies in the Student Handbook that all of his student records were kept private and out of public view. The only exception is if a release of records is ordered by a Court or if the student signed a records release. The University's policies do not permit employees or officials to access or release student records without Court Order or a signed release from the student.

32.     In May of 2021, Plaintiff found out that his private and personal student records had been illegally obtained by Defendant Mr. Babb, SWOSU Chief Legal Counsel via Defendant Moore and transferred to Dixie Coffey and Lauren Ray-Morales who are employed by the Oklahoma Attorney General's Office. The records illegally obtained from SWOSU included all of Plaintiff's grades, financial aid information, tax records, addresses, and his social security number.

33.     The personal and private records of Plaintiff were illegally obtained from SWOSU's Registrar Defendant Moore to Mr. Babb without Plaintiff's consent or Court Order. Mr. Babb never obtained a Court Order, Subpoena, or a signed release from Plaintiff giving him permission to search, seize, and transfer Plaintiff's records to anyone. As a result, Mr. Babb and Mr. Moore violated Plaintiff's Constitutional Rights, state rights, contractual rights, and invaded his privacy.

34.     Plaintiff  found that all his above listed private records had been illegally transferred to Dixie Coffey and Lauren Ray-Morales, Litigation division, at the Oklahoma Attorney General's office. The information was used to harass, embarrass, threaten, violate his privacy and Constitutional Rights, and to ultimately harm Plaintiff and his business.

35.     Plaintiff was involved in a Federal lawsuit against SWOSU during this time and was harmed greatly by Defendants SWOSU, Mr. Moore, Ok Attorney General's Office, Mr. Babb, Ms. Coffey, and Ms. Ray-Morales's for their invasion of his privacy and Constitutional rights and obtaining and distributing his private papers.

36.     The Defendants, Ms. Coffey and Ms. Ray-Morales retained the private information and used it against Plaintiff without notifying Plaintiff they had his private papers and records from SWOSU.

37.     Defendants Babb, Coffey, Ray-Morales, and Moore all conspired and worked in concert to unlawfully search and seize Plaintiff's private documents from SWOSU and expose those documents to the public at large wrongfully and unlawfully. The unlawful act was a common objective of all Defendants.

38.     The four above named Defendants were acting in concert and had a meeting of the minds to hatch a plan to obtain Plaintiff's private documents and papers from SWOSU to

harm him. All Defendants were aware that their actions were unlawful and had consequences.

39.     Plaintiff's documents were transferred from Defendant Babb to Defendants Coffey and Ray-Morales.

40.     Plaintiff contacted SWOSU Registrars office to obtain information about his transcripts for law school admission. When speaking with a SWOSU employee in the Registrar's office Plaintiff was told that Defendant Babb previously had a meeting with Registrar Moore to obtain his private records and documents without his knowledge. The goal was to give those records to Defendants Coffey and Ray-Morales, who both are employed by Oklahoma Attorney General's office. She stated that this was all very hush-hush and very strange because no signed release from the student, subpoena, or Court order was provided to be inserted into Plaintiff's file. That is what is required by FERPA, state, and federal law for an approved release.

41.     Plaintiff contacted Defendant Coffey and told her "I am very upset that you have illegally obtained my records. She laughed and said she and Defendant Ray-Morales are entitled to all documents from SWOSU related to me because she represents them in Court." Plaintiff told her "You're wrong because you have invaded my privacy and I'm going to contact Susan Winchester, SWOSU/ RUSO Regent and tell her how you're stomping all over students' rights. Also, the rights of us who have served this country honorably. She continued to laugh and stated that "Susan Winchester doesn't care about you or how long you served in the military." Plaintiff asked "why would say that, and she said "Susan Winchester's family and my family are longtime close friends from the Oklahoma Golf and Country Club, so good luck trying to contact her and filing a grievance.

11

42.     Plaintiff contacted Regional University Systems of Oklahoma, governing board for SWOSU to speak with Susan Winchester and RUSO Legal counsel numerous times to file a complaint. All calls were ignored and never returned just as Ms. Coffey said they would.

43.     Plaintiff contacted Kindanne "Kindy" Jones, supervisor for litigation, Oklahoma Attorney General's Office via phone and email to notify her of Defendant Coffey's behavior listed above and request an investigation. Kindy told Plaintiff in numerous phone calls she was investigating my claim and would be in touch. She never did anything to help Plaintiff.

44.     After delivery of Plaintiff's student records from Defendants' SWOSU and Babb's possession, the records remain in the custody of Defendants Oklahoma Attorney General's Office, Coffey, and Ray-Morales. Plaintiff seeks equitable relief from this Court ordering the physical return of the records to his possession and an accounting that identifies the location, use, and status of all copies of the documents so that they may either be returned to Plaintiff, or their destruction identified under the authority of this Court.

45.     Plaintiff has been damaged by the actions of the Defendants, become despondent, suffered emotional distress, embarrassment, sleeplessness, anxiety and concern for himself and his children and is entitled to damages against all relevant defendants.

## CAUSES OF ACTION

## COUNT I

**The unreasonable search and seizure of Plaintiff's confidential documents constitutes a violation of his Fourth Amendment and Fourteenth Amendment rights against unreasonable searches. ( 42 U.S.C. § 1983 )**

46.     Plaintiff incorporates the allegations in the above-recited paragraphs as though fully restated herein.

47.     The Fourth Amendment has been incorporated against the State of Oklahoma via the Fourteenth Amendment.

48.     Defendants deprived Plaintiff of his Fourth Amendment right against unreasonable searches by obtaining his grades, complete transcripts, student loan information, tax documents etc.  SWOSU to view, release, distribute, and allow public viewing without his knowledge and/or consent.

48.     Plaintiff's 42 § 1983 claim against Defendants Coffey, Ray-Morales, Moore, and Babb alleges that all Defendants acted under "color of state law" as state employees/actors of Oklahoma. Collectively they violated Plaintiff's State and Federal right to privacy by obtaining his private, confidential, and federally protected student records in violation of (FERPA).

49.     The Defendants worked in concert, conspired together, with an agreed plan to illegally obtain Plaintiff's private student records from Southwestern Oklahoma State University to view and distribute them unlawfully to harm Plaintiff and to aid them in a previous lawsuit involving Plaintiff.

50.     Plaintiff has a reasonable expectation of privacy that society is prepared to recognize as legitimate in his private papers and documents.

51.     Defendants do not have any substantial or exigent government interest that would justify the search and release of Plaintiff's records in this case.

13

52.     The Defendants disclosed, published, and broadcast private and personal information of the Plaintiff presented within the student record file and in which Plaintiff had a reasonable expectation of privacy under federal law that the student records would remain private and confidential while in SWOSU's possession not to be used except for law enforcement purposes.

53.     As a result of Defendants actions Plaintiff has been harmed greatly.

54.     Plaintiff is therefore entitled to declaratory and injunctive relief, punitive and nominal damages under 42 U.S.C. § 1983 and any other relief this court finds necessary.

## COUNT II

**Defendants' use of Plaintiff's confidential documents constitutes a violation of his Fourth Amendment and Fourteenth Amendment rights because it does not provide an opportunity for the individual being searched to obtain pre-compliance review from a neutral third party. ( 42 U.S.C. § 1983 )**

55.     Plaintiff incorporates the allegations in the above-recited paragraphs as though fully restated herein.

56.     Defendants deprived Plaintiff of his Fourth Amendment right against unreasonable searches by retaining the unlawfully obtained private student records of Plaintiff and continuing to access those records without providing him an opportunity obtain precompliance review before a neutral decisionmaker.

57.     In depriving Plaintiff of his Fourth Amendment right, Defendants, and their agents, were all acting under color of state law.

14

58.     Plaintiff has a reasonable expectation of privacy that society is prepared to recognize as legitimate in his private records and documents not being released to the public without Plaintiff's consent.

59.     Defendants do not have and substantial or exigent governmental interest that would justify the search without precompliance review before a neutral decision maker.

60.     The Defendants disclosed, published, and broadcast private and personal information of the Plaintiff presented within his student record file and in which Plaintiff had a reasonable expectation of privacy under federal law that the student records would remain private and confidential while in SWOSU's possession not to be used except for law enforcement purposes.

61.     Plaintiff is therefore entitled to declaratory and injunctive relief, and nominal and punitive damages under 42 U.S.C. § 1983 and any other relief this court finds necessary.

## COUNT III

### Invasion of Privacy
### VIOLATION OF STATE PRIVACY RIGHTS

62.     Plaintiff incorporates the allegations in the above-recited paragraphs as though fully restated herein.

63.     As an alternative theory in event that a violation of the right to privacy under federal law cannot be maintained against all nongovernmental Defendants, whether such Defendants are known at this time or as may be determined in discovery and subject to later joinder, Plaintiff alleges that Defendants have committed a violation of Plaintiff's privacy under Oklahoma law in that the actions of the Defendants, whether named or unknown, joined or capable of being joined to this action through relation back, constituted an

unreasonable and highly offensive intrusion upon solitude or seclusion and represent the

unreasonable public disclosure and publication of personal, confidential, and private facts.

McCormack v. Oklahoma Publishing Co., 613 P.2d 737 (Okla., 1980)

## COUNT IV

### CONSPIRACY
### 42 U.S.C. § 1983

64.    Plaintiff incorporates the allegations in the above-recited paragraphs as though
fully restated herein.

65.    Plaintiff brings his conspiracy claim under 42 U.S.C. § 1983.

66.    Defendants Babb, Coffey, Ray-Morales, and Moore all conspired and worked
in concert to search and seize Plaintiff's private documents from SWOSU and expose those
documents to the public at large wrongfully and unlawfully.

67.    Defendants were in pursuit of an independently unlawful purpose and
therefore were guilty of conspiring against Plaintiff.

68.    The four above named Defendants were acting in concert and had a meeting of
the minds to hatch a plan to obtain Plaintiff's private documents from SWOSU to harm him.

69.    Defendants Coffey, Ray-Morales, and Babb had a meeting of the minds to
hatch this original plan. To complete their unlawful plan, they all agreed that they had to
include the SWOSU Registrar, Defendant Moore to obtain those records. It took all four
Defendants conspiring, spying, and working in concert to complete their unlawful plan.

71.    Defendants agreed Babb would contact Defendant Moore to obtain those
records unlawfully because the records were in a protected state in the SWOSU Registrar's

office. This information was told to Plaintiff by Defendant Moore when Plaintiff later inquired about why his records and documents were released to Defendant Babb.

72.     Defendants Babb, Coffey, Ray-Morales, Moore agreed to a single plan and knew that they would be held responsible for the consequences for their actions. Ultimately, they violated Plaintiff's Fourth and Fourteenth Amendment rights while employed by the state and acting under color of law.

## COUNT V
## Intentional Infliction of Emotional Distress

73.   Plaintiff incorporates the allegations in the above-recited paragraphs as though fully restated herein.

74.   Defendants intentionally and in bad faith invaded Plaintiff's right to privacy.

75.   Defendants intentionally and in bad faith illegally searched and seized Plaintiff's private and personal documents from his former Alma mater and distributed them to the public to harm him.

76.    Defendant's conduct was extreme, outrageous, and intentionally caused Plaintiff severe emotional distress. Defendants' actions to illegally obtain Plaintiff's private documents went beyond all possible bounds of decency.

77. Defendants Ms. Coffey and Ms. Ray-Morales are employed by the Oklahoma Attorney General's Office, State of Oklahoma. The highest law enforcement agency in Oklahoma. They both were acting under color of state law.

78.   Plaintiff is a very proud father, Coach, and family and businessman who leads a private life and was greatly harmed by Defendants actions.

17

79. As a direct and proximate result of Defendants malicious conduct, Plaintiff's social security number and address have been exposed to the public without his consent. This endangers not only Plaintiff ,but his business relations and family.

80. Defendants above actions are egregious, malicious, and ruthless and have harmed Plaintiff greatly. Plaintiff has suffered from Defendants intentionally inflicting emotional distress to him and his family.

81. Accordingly, Plaintiff is entitled to compensatory and punitive damages in excess of $ 75,000.00 for Defendant's wrongful conduct.

## COUNT VI

### Breach of Contract
### ( Between Plaintiff and SWOSU )

82. The allegations in all preceding paragraphs are incorporated herein by reference.

83. The University's policies constitute a contract between the University and Plaintiff.

84. The University's policies do not permit access, viewing, and/or distribution of any student's file, grades, financial aid, or any other sensitive records without (1) a signed release by the student, (2) Court issued subpoena, or (3) Court order.

85. The unlawful access, viewing, and distribution of Plaintiff's records violated the enforceable contractual promise made to Plaintiff by the University.

86. In violating Plaintiff's contractual rights and invading his privacy, SWOSU and its employees acted illegally, arbitrarily, capriciously, and in bad faith.

87.     In the alternative, The University's policies constituted a representation by the University upon which Plaintiff reasonably relied to his detriment, and therefore the University is collaterally estopped from using Plaintiff's private student records for any reason.

## COUNT VII

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

88.     The allegations in all preceding paragraphs are incorporated herein by reference.

89.     Defendants Babb, Moore, Coffey, and Ray-Morales did not have Plaintiff's consent when they willfully, maliciously, and unlawfully intruded on Plaintiff's privacy rights by illegally obtaining  his private and confidential student records and papers from his former University SWOSU.

90.     The Defendants used their positions of State of Oklahoma employees to breach the security protections for students and their records at SWOSU.

91.     The above listed acts of Defendants are highly offensive to a reasonable person who trusted in SWOSU, their employees, and the systems they had in place to protect students and their records.

92.     Defendants SWOSU, Babb, Moore, Coffey, Ray-Morales intentionally intruded into Plaintiff's private affairs or concerns to harm Plaintiff. The intentional interference by Defendants into Plaintiff's private affairs would be highly offensive to a reasonable person.

93.     All above Defendants were aware of their malfeasance. They all knew that they lacked the necessary legal or personal permission to commit the intrusive and offensive act of prying by obtaining Plaintiff's records against SWOSU student release of records policy.

## COUNT VIII

### VIOLATION OF FEDERAL RIGHTS OF PROCEDURAL DUE PROCESS - FEDERAL PRIVACY.

94.     The allegations in all preceding paragraphs are incorporated herein by reference.

95.     Plaintiff's student records file contained private, confidential, and otherwise personal nature and was protected under federal privacy law and could only be released for a legitimate law enforcement purpose based upon a compelling need and in the least intrusive manner. The release of information in this instance was occasioned without any procedural due process, or such insufficient due process as to constitute a violation of Plaintiff's Federal Procedural Due Process rights.

## NO QUALIFIED IMMUNITY

96.     The allegations in all preceding paragraphs are incorporated herein by reference.

97.     As to Plaintiff's federal and State claims, Defendants are not entitled to qualified immunity for violation of a federal right of privacy of disclosure of personal private information in the absence of compelling reasons in that the law is clearly established. See Anderson v. Blake, et al., 469 F.3d 910 (10th Cir., 2006); Sheets v. Salt Lake County, et al., 45 F.3d 1383 (10th Cir., 1995)

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Prose, Mark A. Pendergraft respectfully requests this Court enter judgement against Defendants and for an award of compensatory damages in an amount of 1,000,000.00 dollars, along with all pre-judgement and post-judgement interest on any award of judgement at the current statutorily allowed rate until paid. Plaintiff further prays that punitive and/or exemplary damages be awarded against Defendants for their malicious conduct that caused his injuries. Plaintiff also respectfully requests injunctive relief to the extent that there may be undelivered copies of Plaintiff's student records existing anywhere, Plaintiff is entitled an order of this court ordering Defendants, or any other third party retaining a copy of the records, to return the records in question and account for all copies of the records and return all such copies to the Plaintiff. Finally, Pursuant to 42 U.S.C. §1988 and Rule 54(d) of the Federal Rules of Civil Procedure, allow Plaintiff his costs and attorney's fees herein against Defendants, whether individual, official capacity, or body corporate and any and all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Mark Pendergraft, Plaintiff Pro se
P.O. Box 402
Piedmont, Ok 73078
405) 863-6573