## CASE NO. 22-cv-985-J

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

### MARK A. PENDERGRAFT

#### Plaintiff,

v.

### OKLAHOMA ATTORNEY GENERAL'S OFFICE, State of Oklahoma, *et al.*

#### Defendants.

## DEFENDANTS' FOR JUDGMENT ON THE PLEADINGS

**KEVIN L. McCLURE, OBA#12767**
**Assistant Attorney General**
**Oklahoma Attorney General's Office**
**Litigation Division**
**313 NE 21st Street**
**Oklahoma City, Oklahoma 73105**
**Telephone: (405) 521-3921   Facsimile: (405) 521-4518**

*Attorney for Defendants*

**February 28, 2023**

## TABLE OF CONTENTS

**TABLE OF CONTENTS**................................................................................i

**TABLE OF AUTHORITIES** .....................................................................iii

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**..................1

**PLAINTIFF'S ALLEGATIONS**................................................................1

**JUDGMENTS ON THE PLEADINGS**........................................................4

**SWOSU AND THE OKLAHOMA ATTORNEY GENERAL'S OFFICE MUST BE DISMISSED**............................................................................................7

**THE INDIDIVUDAL NAMED DEFENDANTS MUST BE GRANTED QUALIFIED IMMUNITY** ......................................................................11

    (1) *FERPA does not create a private cause of action enforceable under §1983* ..........14

    (2) *There is no clearly established right* ................................................15

    (3) *Defendants are immune from liability by Litigation Privilege* ................16

**CONCLUSION** ....................................................................................17

**CERTIFICATE OF SERVICE** ................................................................18

# TABLE OF AUTHORITIES

## CASES

*Advanced Cardiovascular Systems, Inc. v. Scimed life Systems, Inc.,*
988 F.2d 1157 (Fed. Cir. 1993) ........................................................................... 5

*Alpenglow Botanicals, LLC v. United States,*
894 F.3d 1187 (10th Cir. 2018) ........................................................................... 6

*Anderson v. Creighton,*
483 U.S. 635 (1987) ........................................................................................... 13

*Arizonans of Official English v. Arizona,*
520 U.S. 43 (1997) ............................................................................................. 10

*Ashcroft v. al-Kidd,*
563 U.S. 731 (2011) ..................................................................................... 11, 14

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................................... 6, 7

*Bell Atlantic Corp. v. Twombly,*
500 U.S. 544 (2007) ............................................................................... 5, 6, 9, 10

*Brosseau v. Haugen,*
543 U.S. 194 (2004) ........................................................................................... 12

*Bryson v. Gonzales,*
534 F.3d 1282 (10th Cir. 2008) ........................................................................... 5

*City of Tahlequah v. Bond,*
595 U.S. ___ (2021) ........................................................................................... 14

*Colony Ins. Co. v. Burke,*
698 F.3d 1222 (10th Cir. 2012) ........................................................................... 4

*Cudjoe v. Indep. School Dist. No. 12,*
297 F.3d 1058 (10th Cir. 2002) ......................................................................... 15

*Cummings v. Dean,*
913 F.3d 1227 (10th Cir. 2019) ......................................................................... 13

*DaimlerChrysler Corp. v. Cuno,*
547 U.S. 332 (2006) ............................................................................................8

*District of Columbia v. Wesby,*
137 S. Ct. 77 (2018) ....................................................................................13, 15

*Edelman v. Jordan,*
415 U.S. 6541 (1974) ........................................................................................9

*Ex parte Young,*
209 U.S. 123 (1909) ..........................................................................................8

*Fent v. Oklahoma Water Resources Bd.,*
235 F.3d 553 (10th Cir. 2000) ..........................................................................7

*Gonzaga University v. Doe,*
5436 U.S. 272 (2002) ........................................................................8, 10, 14, 15

*Gregorich v. Lund,*
54 F.3d 410 (7th Cir. 1994) ............................................................................13

*Guterrez v. Cobos,*
841 F.3d 895 (10th Cir. 2016) ........................................................................13

*Harrell v. United States,*
443 F.3d 1231 (10th Cir. 2006) ........................................................................9

*Hernandez v. City of Goshen,*
324 F.3d 535 (7th Cir. 2003) ..........................................................................10

*Hein v. Freedom from Religion Foundation, Inc.,*
551 U.S. 587 (2007) ..........................................................................................8

*Jacobsen v. Deseret Book Co.,*
287 F.3d 936 (10th Cir. 2002) ..........................................................................2

*Kentucky v. Graham,*
473 U.S. 159 (1985) ..........................................................................................8

*Khalik v. United Air Lines,*
671 F.3d 1188 (10th Cir. 2012) ........................................................................6

*Landmark Am. Ins. Co. v. VO Remarking Corp.,*
619 F.App'x 705 (10th Cir. 2015) ....................................................................4

*Lapides v. Board of Regents,*
535 U.S. 613 (2002) ................................................................................................... 10

*Medina v. Cram,*
252 F.3d 1124 (10th Cir. 2011) ................................................................................. 11

*Mitchell v. Forsyth,*
474 U.S. 511 (1985) ............................................................................................ 11, 12

*Mullenix v. Luna,*
136 S. Ct. 305 (2015) ..................................................................................................

*Nelson v. Adams USA, Inc.,*
529 U.S. 460 (2000) ...................................................................................................... 5

*Nevada Dept. of Human Resources v. Hibbs,*
538 U.S. 721 (2003) ...................................................................................................... 9

*Pahls v. Thomas,*
718 F.3d 1210 (10th Cir. 2013) ................................................................................... 2

*Pearson v. Callahan,*
555 U.S. 223 (2009) .......................................................................................... 11, 12, 14

*Robbins v. Oklahoma,*
519 F.3d 1242 (10th Cir. 2008) ............................................................................ 6, 12

*Schwartz v. Booker,*
702 F.3d 573 (10th Cir. 2012) .................................................................................. 12

*Smith v. McCord,*
707 F.3d 1161 (10th Cir. 2013) ................................................................................ 13

*Stidham v. Peace Officers Standards & Training,*
265 F.3d 1144 (10th Cir. 2003) ................................................................................ 10

*Trujillo v. Grand Junction Regional Center,*
928 F.2d 973 (10th Cir. 1991) .................................................................................... 9

*White v. Pauly,*
137 S. Ct. 548 (2017) .................................................................................................. 13

*Will v. Michigan State Police,*
491 U.S. 58 (1989) ...................................................................................................... 10

*Williams v. Wisconsin,*
336 F.3d 576 (7th Cir. 2003) ........................................................................... 10

*Wilson v. Layne,*
526 U.S. 603 (1999) ........................................................................................... 9

*Ziglar v. Abbasi,*
137 S. Ct. 1843 (2017) ..................................................................................... 11

## STATUTES

OKLA. STAT. tit. 50 § 162(E) ............................................................................ 9

OKLA. STAT. tit. 70 § 3223 ........................................................................... 3, 16

20 U.S.C. § 1232g ............................................................................................ 16

20 U.S.C. § 1232g(b)(1) ................................................................................... 16

42 U.S.C. § 1983 ............................................... 3, 7, 9, 10, 14, 15, 17

## RULES

Fed. R. Civ. P. 8(a)(2) ...................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ........................................................................ 2, 4, 5, 6

Fed. R. Civ. P. 12(c) .......................................................................... 1, 4, 7, 16

Fed. R. Civ. P. 15(a) ......................................................................................... 4

Fed. R. Civ. P. 26(a) ......................................................................................... 2

## OTHER

U.S. CONST. art. III .......................................................................................... 7

U.S. CONST. amend XI ..................................................................................... 9

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARK A. PENDERGRAFT,

      Plaintiff,

v.

1) OKLAHOMA ATTORNEY
   GENERAL'S OFFICE, State of
   Oklahoma; *et al.*

      Defendants.

**Case No.: 22-cv-985-J**

## <u>DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS</u>

Defendants move this Court to seek judgment on the pleadings and to dismiss Plaintiff's First Amended Complaint [Doc. 16] pursuant to Fed. R. Civ. P. 12(c) and for lack of jurisdiction under the Eleventh Amendment. In support of this motion, Defendants would show this Court the following:

### PLAINTIFF'S ALLEGATIONS

Plaintiff's lawsuit arises from his belief that his "FERPA" privacy rights were violated during a discovery production in an employment lawsuit (WDOK 18-cv-793) he filed against SWOSU for failing to hire him.[1] ([Doc. 16 ¶ 38]). In that lawsuit, Plaintiff sent discovery requests to Defendants requesting everything SWOSU had regarding his potential employment and failing to hire claims. Defendant SWOSU's assigned attorneys from the Oklahoma Attorney General's Office (Defendants herein Coffey and Ray-Morales) produced to Plaintiff everything SWOSU had regarding him, which included the potential FERPA information claimed in this lawsuit. (*See DOCUMENT LOG*, of documents sent to plaintiff

---

[1] *See* Tenth Circuit Decision Case No. 22-6054 dated 1/25/2023.

5/17/2021 designated as Bates # 204-262, attached as Exhibit 1).[2] *See also*, Fed. R. Civ. P. 26(a). That discovery production was never filed with the Court nor distributed to any other person other than Plaintiff, and Plaintiff does not allege it was produced to any third party not involved in that lawsuit.

From that discovery production he has filed this lawsuit claiming that he "was a former undergraduate student at SWOSU who graduated with a B.A. degree in Criminal Justice in 2008." [Doc. 16 ¶ 31]. He alleges that he "relied on SWOSU's policies in the Student Handbook as an enrolled student that all of his student records were kept private and out of public view" and that "[t]he only exception is if a release of the records is ordered by a Court, subpoena, or if the student signed a records release." *Id.* at ¶ 32.  He claims that the "University's policies do not permit employees or officials to access, view, or release student records without Court Order or a signed release from the student." *Id.*. Plaintiff alleges that "[i]n May of 2021, [he] found out that his private and personal student records had been illegally obtained by Defendant Mr. Babb, SWOSU Chief Legal Counsel via Defendant Moore, SWOSU Registrar" and "then transferred to Dixie Coffey and Lauren Ray-Morales who are employed by the Oklahoma Attorney General's Office" and that those records "included all of Plaintiff's grades, completed transcripts, financial aid information, I.R.S tax records, addresses, and other identifiable information concerning Plaintiff." [Doc. 16 ¶ 33]. He claims the production to him of his own records through SWOSU's attorneys during that previous lawsuit was "in retaliation for Plaintiff exposing SWOSU President as a fraud by claiming to

---

[2] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)(under Rule 12(b)(6), a court may consider documents referred to in a complaint if the document is central to plaintiff's claim and parties do not dispute the document's authenticity).

be Dr. Randy Beutler in all personal and University related matters."[3] [Doc. 16 ¶ 34]. Plaintiff also alleges that the transfer of those documents to SWOSU's assigned attorneys at the Oklahoma Attorney General's Office violated his "Constitutional Rights, state rights, contractual rights, and invaded his privacy." [Doc. 16 ¶ 35] last sentence.

Plaintiff has sued the State of Oklahoma, *i.e.*, the Oklahoma Attorney General's Office and Southwestern Oklahoma State University, as well as four individuals, Lauren Ray-Morales and Dixie Coffey (assigned OAG attorneys) ([Doc. 16 ¶¶ 4-5]); Charlie Babb (RUSO attorney) and Shamus Moore (Director of SWOSU Registrar's Office). *Id.* at ¶¶ 9-10]. In his original Complaint ([Doc. 1]), Plaintiff alleged eight COUNTS against Defendants: COUNT I – 42 U.S.C. § 1983 violation of his Fourth and Fourteenth Amendment rights; COUNT II – 42 U.S.C. § 1983 violation of his Fourth and Fourteen Amendment rights; COUNT III – State Privacy Rights – Invasion of Privacy; COUNT IV – 42 U.S.C. § 1983 – CONSPIRACY; COUNT V – Intentional Infliction of Emotional Distress; COUNT VI – Breach of Contract; COUNT VII – Invasion of Privacy by Intrusion upon Seclusion; COUNT VIII – Federal Rights of Procedural Due Process Federal Privacy. In his First Amended Complaint he has not alleged any additional facts other than (now) claiming the discovery documents were produced to him in retaliation for his alleged exposure of Dr. Beutler as only having a *Juris Doctor* degree instead of an Ph.D. Based on those alleged additional facts, he has added three claims: COUNT I – First Amendment retaliation his alleged exposure of Dr. Beutler's fraud in claiming to hold a doctorate degree, when he only holds a *Juris Doctor* degree [Doc. 16 ¶¶

---

[3] Dr. Beulter holds a *Juris Doctor* degree, instead of a Ph.D, and Plaintiff believes such difference is a fraud. *cf.* OKLA. STAT. tit. 70 § 3223.

52-59]; COUNT II – First Amendment retaliation for allegedly filing a grievance/complaint (presumably about Dr. Beutler) *id.* at ¶¶ 60-62; and COUNT III – First and Fourteenth Amendment rights "to freely associate with organizations he belongs to and do not interfere with State or Federal law." *Id.* at ¶¶ 63-65.

Plaintiff requests "compensatory damages in the amount of 1,000,000 dollars, along with all pre-judgment interest" as well as "punitive and/or exemplary damages." *Id.* at PRAYER FOR RELIEF. He also requests "injunctive relief to the extent that there may be undelivered copies of Plaintiff's student records existing anywhere, Plaintiff is entitled an order of this court ordering Defendants, or any other third party retaining a copy of the records, to return the records in question and account for all copies of the records and return all such copies to the Plaintiff." *Id.*.

## JUDGMENTS ON THE PLEADINGS

Pursuant to Fed. R. Civ. P 12(c) "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion under Rule 12(b)(6), accepting "all facts pleaded by the non-moving party as true and grant[ing] all reasonable inferences from the pleadings in favor of the same." *Landmark Am. Ins. Co. v. VO Remarking Corp.*, 619 F.App'x 705, 708 (10th Cir. 2015), quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). The Tenth Circuit apparently adds an additional inquiry that there be "no-material-factual-dispute." *Id.* Once an Answer has been filed the pleadings are considered "closed" and Plaintiff can Amended his Complaint **only** "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)."

Under that standard, a Court should dismiss a Complaint when it is "fatally flawed in [its] legal premises [and] destined to fail, thus [sparing the] litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). The mere "possibility" that a claim may exist is not enough. The Supreme Court has interpreted Federal Rule 12(b)(6) in conjunction with Federal Rule 8, as requiring "a short and plain statement of the claim **showing** that the pleader is entitled to relief," in order to "give the defendant **fair notice** of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000) ("The Federal Rules of Civil Procedure are designed to further the **due process of law** that the Constitution guarantees.").

Federal Rule of Civil Procedure 8 is a pleading requirement that serves two purposes: First, it ensures that defendants know "the actual grounds of the claim against them," and can therefore prepare a defense. *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Second, it "avoid[s] ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'" *Id.* "[I]f the complaint is sufficiently devoid of **facts** necessary to establish liability that it encompass[es] a wide swath of conduct, much of it innocent, a court must conclude that plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Bryson*, 534 F.3d at 1286 (quoting *Twombly*, 127 S. Ct. at 1974). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*

5

at 555. Nor does a complaint suffice if it tenders "naked assertions[s]" devoid of "factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it **has not'show[n]**'— 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." [emphasis added] (Internal citation omitted). *Iqbal* at 678-79.

This Court's review of Plaintiff's Amended Complaint [Doc. 16] pursuant this *Twombly/Iqbal* standard requires it to make two determinations. *First,* the Court is "to identify which pleadings are not entitled to the assumption of truth. This includes 'legal conclusions' as well as 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018)(citing *Iqbal* at 678-79). *Second*, the Court will "assume the veracity of the well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Accordingly, in examining [the] complaint under Rule 12(b)(6), [this Court should] disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* (internal citations omitted)(citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)). The Court "need not speculate, because the burden rests on the plaintiffs to provide **fair notice** of the grounds for the claims made against ***each*** of the defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). This is

especially true when "qualified immunity" is claimed.[4] Plaintiff has failed to plead sufficient plausible facts to show this Court that he has a cognizable claim for relief against the Defendants, either under Oklahoma's Governmental Torts Claims Act ("GTCA") or 42 U.S.C. § 1983.

The Amended Complaint is completely devoid of any facts showing this Court the Defendants have violated Plaintiff's state or federal rights. The claims against the State attempt to allege a federal claim (despite the State not being a "person" and the Eleventh Amendment), and the *individually* sued Defendants (Coffey, Ray-Morales, Babb, and Moore) are not alleged to have violated any clearly established law. Therefore, this Court must grant Defendants judgment on the pleadings.

### SWOSU AND THE OKLAHOMA ATTORNEY GENERAL'S OFFICE MUST BE DISMISSED

Federal Courts are courts of limited jurisdiction. U.S. CONST. art. III. They possession only such jurisdiction as is granted by the Constitution, and federal law. A State's Eleventh Amendment immunity can be raised at anytime, even on appeal for the first time. *Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 559 (10th Cir. 2000). Likewise, under Rule 12(c) this Court must dismiss all claims that are not "plausible." Here, both the Eleventh Amendment and the fact that the State is not a "person" pursuant to 42 U.S.C. § 1983, requires this court to dismiss SWOSU, the Oklahoma Attorney General's Office, and the state officials sued in their "*official capacities*" with prejudice.

---

[4] *Ashcroft vs. Iqbal*, 556 U.S. 662 (2009)("the sufficiency of [the] pleadings [are] both inextricably intertwined with, and directly implicated by the **qualified immunity** defense" (*Id.* at 673). [emphasis added]).

A State officer named in his *official capacity* is the same as suing the State itself, and cannot be sued in federal court for money damages. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). The only exception would be pursuant to *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1909), wherein a state officer can be sued in his/her *official capacity* but only if there is a "cognizable claim" for "prospective injunctive relief" under Article III, which Plaintiff has "standing" to sue the particular state officer. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Hein v. Freedom from Religion Foundation, Inc.* 551 U.S. 587 (2007) (requiring a nexus between the state official and the alleged constitutional injury)). To establish Article III standing, a plaintiff must show: (1) "**an injury in fact** – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or **imminent**, **not *conjectural* or *hypothetical*** "; (2) "a causal connection between the injury and the conduct complained of - the injury has to be fairly ... traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)(omissions in original) (internal quotation marks and citations omitted) (emphasis added). Plaintiff has no standing to sue the state official defendants in their official capacities because he has failed to allege, those officials are threatening to violate his federal or constitutional rights. *See also*, *Gonzaga University v. Doe*, 536 U.S. 272 (2002). All of his allegations relate to the alleged FERPA documents produced to him during discovery in a past lawsuit.

Furthermore, the Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. That Amendment bars suits for damages against a state in federal court, absent a waiver of immunity by the state. *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347 (1974); *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 726 (2003)(The Eleventh Amendment bars private lawsuits in federal courts against unconsenting states and their agencies). The State of Oklahoma has expressly refused to waive Eleventh Amendment immunity or otherwise consent to such lawsuits against the state, any state agency or a state employee. Title 51 O.S. § 162(E) sets forth in relevant part:

> Nothing in this section shall be construed to waive any immunities available to the state under the terms of the Eleventh Amendment to the Constitution of the United States. Any immunity or other bar to a civil lawsuit under state or federal law shall remain in effect.

The State of Oklahoma has not waived is sovereign immunity under the Eleventh Amendment, therefore, any and all state law claims against it must be dismissed. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir.2006) (Eleventh Amendment immunity extends to state law claims). Therefore, this Court must dismiss any and all federal and state law claims against the Oklahoma Attorney General's Office and SWOSU as State entities due to the Eleventh Amendment's prohibition of subject matter jurisdiction over it.

Likewise, 42 U.S.C. § 1983 does not create substantive rights but serves only as a remedy for violations of rights secured by federal statutory and constitutional law. *Trujillo v. Grand Junction Regional Center*, 928 F.2d 973, 977 (10th Cir.1991). When determining whether a complaint in a § 1983 action may proceed, the district court must first consider the question whether the complaint states a viable cause of action. *Wilson v. Layne*, 526 U.S. 603 (1999); *Bell*

*Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)(requiring **sufficient factual allegations** for a **plausible claim**). An actionable claim for relief under § 1983 requires a plaintiff to plead (1) a deprivation of a right secured by the Constitution or laws of the United States and (2) caused by a "**person**" under color of state law. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

Neither States nor their agencies, nor officers sued officially, are "**persons**" under 42 U.S.C. § 1983, and therefore, they cannot be sued under that statute. *Will v. Michigan State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989). *See also*, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69, 117 S. Ct. 1055 (1997)(noting that § 1983 actions do not lie against the state); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)(stating that suits for damages against states should be dismissed because the states are not persons under § 1983, and because the states are protected by the Eleventh Amendment; any constitutional problem that may exist is subordinate to the statutory deficiency); *Stidham v. Peace Officers Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2003)(States are persons under § 1983); *Lapides v. Board of Regents*, 535 U.S. 613, 122 S. Ct. 1640 (2002)(States and their agencies are not "persons" for purposed of § 1983)). Therefore, this Court must dismiss Plaintiff's Amended Complaint against the State, it's agencies, and it's officially sued officers because he has not alleged any cognizable constitutional violation, the State has Eleventh Amendment immunity, and the State is not a "**person**" subject to liability under 42 U.S.C. § 1983.

Plaintiff has no cognizable claim to sue either the State or the named State Defendants in their *official capacity*. *See Gonzaga University v. Doe*, 536 U.S. 273 (2002) (FREPA does not create any federal privacy rights to sue under § 1983 or otherwise). Furthermore, Plaintiff has not

suffered a constitutional injury under Article III to obtain any injunctive relief. Therefore, the State must be dismissed pursuant to the Tenth and Eleventh Amendments, and the named State officers sued in their *official capacities* must be dismissed because Plaintiff has not alleged nor suffered any cognizable federal deprivation resulting in any kind of Article III injury traceable to the named Defendants, nor is he seeking any prospective injunctive relief that would grant him standing.

### THE INDIVIDUALLY NAMED DEFENDANTS MUST BE GRANTED QUALIFIED IMMUNITY

Defendants Ray-Morales, Coffey, Babb, and Moore sued in their *individual capacities*, all claim **qualified immunity**. "Qualified immunity balances two important interests—[1] the need to hold public officials accountable when they exercise power irresponsibly and [2] the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231(2009). The purpose of the doctrine is to provide government officials "breathing room to make reasonable but mistaken judgments about open legal questions." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). Once qualified immunity is asserted, **the burden shifts to the Plaintiff** to overcome that claim by pointing to case law[5] that would have alerted the official that their actions violated clearly established law. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). Qualified Immunity is presumed. *Mitchell v. Forsyth*, 472 U.S. 511, 526

---

[5] This **due process** requirement is meant to protect officials from allegations that are too general, because the enumerated rights found in Fourth, Eighth, and Fourteenth Amendments are broadly stated.

(1985); *Pahls v. Thomas*, 718 F.3d 1210 (2013) (it is the "norm"). To overcome the *presumption* of **qualified immunity** a Plaintiff must:

> *First* - **assert** in their Complaint (Motion Dismiss stage) or **prove** (Summary Judgment stage) that each Defendant has violated a Constitutional right; and *Second* - Plaintiff must then assert or prove that the right was "*clearly established*" at the time of the allege violation.

*Pearson v. Callahan*, 555 U.S. at 232; *see also Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).Those two questions are merely the **tools** the Court uses to answer the **ultimate question** which is:

> Would a reasonable official in the position of each Defendant knowing only (1) the *facts* alleged [at dismissal stage] or (2) the *facts* proved [at MSJ stage] that their actions would violate the Plaintiff's Constitutional rights?

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pahls v. Thomas*, 718 F.3d at 1233 ("defendants' entitlement to qualified immunity[] turn[s] on an individual assessment of each defendant's conduct and culpability"); *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (the complaint must allege specifically who, did what, to whom, in order to establish **personal participation** by each defendant). This requires the Court to view the allegations against each Defendant through the lens of existing case law when determining whether each Defendants' individual actions violated "clearly established law." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)("Because the focus is on whether the officer had **fair notice** that [their] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation". [emphasis added]).

Under that analysis, "the ***clearly established*** [case] law must be 'particularized' to the facts of the [Plaintiff's] case" and may not be defined at a high level of generality. *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). *Gregorich v. Lund*, 54 F.3d 410, 415 (7th Cir. 1994)("The facts of the existing case law must closely correspond to the contested action before the defendant official is subject to liability."); *District of Columbia v. Wesby*, 137 S. Ct. 577, 590 (2018)(we have stressed **the need to "identify a case** where an officer acting under similar circumstances . . . was held to have violated [federal law]"). The failure to identify such a case is fatal to the claim. *Guterrez v. Cobos*, 841F.3d 895, 902 (10th Cir. 2016); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013). Although there need not be a "case directly on point for a right to be clearly established," *White v. Pauly*, 137 S. Ct. at 551(internal quotation marks omitted), "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate." *City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (internal citations, alternations and quotation marks omitted). Therefore, in order for a Plaintiff to meet his burden under the "clearly established" prong of qualified immunity, a he must demonstrate that his legal theory is "settled law," *Wesby*, 138 S. Ct. at 589 (citation omitted), by "identifying … **on point** Supreme Court or published Tenth Circuit decision[s]" showing they have alleged unlawful conduct against each named defendant. *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (emphasis add & citation omitted). *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("[a] clearly established right is one that is sufficiently clear that **every reasonable official** would have

understood that what he is doing violates that right." (emphasis added, internal quotation marks omitted)); *City of Tahlequah v. Bond*, 595 U.S. ___ (2021) ("It is not enough that a rule be suggested by then-existing precedent: the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). Existing precedent must have placed the constitutional question **beyond debate**. *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). Therefore, qualified immunity protects officials regardless of whether the official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. at 232. As a result, only those who are "incompetent" under state negligence law or those who "knowingly violate the law" under § 1983, can be held liable. *Ashcroft v. al–Kidd*, 563 U.S. at 743(When properly applied it protects "all but the incompetent or those who knowingly violate the law").

Ray-Morales, Coffey, Babb, and Moore are entitled to qualified immunity because (1) there is no federal right to privacy for Plaintiff's FERPA information (*Gonzaga University v. Doe*, 536 U.S. 273 (2002)); (2) there is no case law *clearly establishing* that the production of his FERPA information during discovery to Plaintiff, would have alerted the Defendants that they would be violating Plaintiff's federal rights; and (3) the individually sued Defendants as attorneys and officials for SWOSU have a litigation privilege *via* attorney/client right to review and produce Plaintiff's FERPA information in defense of their client.

### *(1) FERPA does not create a private cause of action enforceable under § 1983.*

In *Gonzaga University v. Doe*, 536 U.S. 272 (2002), the Supreme Court was asked "whether a student may sue a private university for damages under [§ 1983] to enforce provisions of the Family Education Rights and Privacy Act of 1974 (FERPA or Act) … which

14

prohibit the federal funding of educational institutions that have a policy or practice of releasing education records to unauthorized persons." *Id.* at 276. The Court held that "such an action is foreclosed because the relevant provisions of FERPA create no personal rights to enforce under 42 U.S.C. § 1983." *Id.* The Tenth Circuit has reiterated that holding in *Cudjoe v. Indep. School Dist. No. 12*, 297 F.3d 1058, 1062 (10th Cir. 2002) wherein it acknowledged that the Supreme Court in *Gonzaga* "held ... that FERPA's nondisclosure provisions 'create no right enforceable under § 1983'". Therefore, FERPA does not create a private right of action, with or without § 1983, and Plaintiff has no federal privacy right to such information. As such, this Court must dismiss this case with prejudice since no amendment could remedy a complete lack of a federal or constitutional right, and any potential amendment to his Amended Complaint would be futile.

### (2) There is no clearly established right.

Even though there is no constitutional right alleged in the Amended Complaint, this Court should continue its *qualified immunity* analysis by holding that even if there were a constitutional right under FERPA or otherwise, such right is not "clearly established" in any case law. Nor is there any case law clearly establishing Plaintiff's right to sue for retaliation, filing a grievance/complaint, or free association under the First Amendment that would have alerted the state official defendants in this case that their production of Plaintiff's own school records to him during a previously lawsuit would violate his rights. *District of Columbia v. Wesby*, 583 U.S. _____ (2018) (it's Plaintiffs' burden). Since the only "clearly established law" indicates that Plaintiff has no constitutional or federal right to sue under FERPA or 42 U.S.C. § 1983 (or otherwise), and Plaintiff cannot produce any case law on point that would have alerted

Defendants that they would be violating Plaintiff's privacy or first amendment rights under the facts alleged in the Amended Complaint, this Court must grant Babb, Coffey, Ray-Morales, and Moore *qualified immunity*. Therefore, pursuant to Fed. R. Civ. P. 12(c) this Court must grant them judgment on the pleadings and dismiss this lawsuit with prejudice, since any potential amendment to the pleadings would be futile.

### (3) Defendants are immune from liability by a Litigation Privilege.

By suing SWOSU in the previous lawsuit for failure to hire, Plaintiff placed his work experience and education at issue in that case. When Plaintiff requested discovery regarding why SWOSU did not hire him, his school records (including potential FERPA information) could have led to discoverable and relevant evidence. Those documents were in the possession of SWOSU and there is no privacy violation for the school officials to review their own records concerning Plaintiff. FERPA merely conditions federal funding on condition of keeping those documents from disclosure to third parties. *i.e.*, not the student or the school. 20 U.S.C. § 1232g. Attorneys hired to defend a client are considered as acting on behalf of their client. They have an obligation and a litigation or attorney/client privilege to review any and all potential evidence in defense of their client. As such, even if such FERPA information was federally protected, those protections only extend to non-disclosure to third-parties. 20 U.S.C. § 1232g(b)(1). Furthermore, it does not violate any First Amendment right as alleged by Plaintiff to produce documents to him (and only him) under the facts alleged in this case. Especially when Oklahoma law does not even support Plaintiff's alleged fraud allegations. OKLA. STAT. tit. 70 § 3223 (such is not fraud). Therefore, this Court must grant Defendants judgment on the pleadings and dismiss this case with prejudice.

## **CONCLUSION**

This Court must dismiss the Office of Attorney General, SWOSU, and the State officials sued in their official capacity from this lawsuit because the Tenth and Eleventh Amendments prohibit this Court from having jurisdiction over them as State entities, and they are on "persons" under 42 U.S.C. § 1983. Defendants Coffey, Babb, Ray-Morales, and Moore must be granted qualified immunity because Plaintiff has no constitutional right to sue them for violation of FERPA, and there is no "clearly established law" alerting them their alleged actions would have violate Plaintiff's constitutional rights. Finally, the FERPA information was never produced to a third party and Defendants have a litigation privilege to review any potential records relevant to their defense of their client, SWOSU. Therefore, this Court must grant Defendants judgment on the pleadings and dismiss this lawsuit with prejudice.

Respectfully submitted,

*/s/* Kevin L. McClure
**KEVIN L. McCLURE, OBA#12767**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:    (405) 522-0061
Facsimile:      (405) 521-4518
Email: kevin.mcclure@oag.ok.gov
          mattew.shelton@oag.ok.gov
*Attorneys for Defendants*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of February 2023 I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and sent a copy of this filing by first class mail, postage prepaid the following who is not an ECF registrant:

Mark Pendergraft, Pro Se
P.O. Box 402
Piedmont, OK 73078

/s/ Kevin L. McClure
Kevin L. McClure